W. T. GARDNER *v.* J. F. J. LEWIS, County Court Clerk.

PRIVILEGE LICENSE. *Wagon.* A farmer who, after laying by his crop, used his farm wagon with a team of two horses to haul wood for a money consideration, is not required to take out a transfer license, under the act of 1868, ch. 79, sec. 5, and subsequent acts in *pari materia.*

FROM KNOX.

Appeal in error from the Criminal Court of Knox county. M. L. HALL, J.

W. C. LEDGERWOOD for Gardner.

ATTORNEY-GENERAL LEA for Lewis.

COOPER, J., delivered the opinion of the court.

By the agreed state of facts in this case, it ap-

pears that Gardner is a farmer, owning a two horse wagon and team which he uses on his farm for hauling purposes, and not in regular hauling as a drayman. In June, 1879, after his crop was laid by, he was employed by a manufacturer of bricks to haul wood from the line of the K. & O. railroad to his brick yard, with the two horse wagon and team. The wood was thrown from the cars about one hundred and fifty yards from Gardner's house, and hauled to the brick yard about half a mile from Gardner's place. Lewis, as clerk of the county court, required Gardner to pay $3.75 for a license, being the amount fixed by the statute for license and clerk's fee. The hauling was outside of the corporation of Knoxville, and was done for a money consideration. The question submitted is whether, on this state of facts, Gardner was required to take out a license.

By the act of 1867–8, ch. 79, sec. 5, clause 8 (T. & S. Rev., sec. 553a, sub-sec. 38), it is provided, " Each express wagon or cart, including wagons or carts engaged in transferring, other than those belonging to express or omnibus companies, shall take out a license annually from the county court clerk, and shall pay a tax for each express wagon five dollars, each express cart five dollars, each transfer wagon (two horse) ten dollars, each transfer wagon (four horse) fifteen dollars."

By the act of 1868–9, ch. 45, sec. 3 (T. & S. Rev., sec. 553a, sub-sec. 39), it is provided, "So much of the said act of March 13, 1868, as refers to express wagons, transfer wagons and carts, shall not be

so construed as to include vehicles other than wagons and carts regularly in the business of expressage and transfer."

Again, by the act of 1869, ch. 30 (T. & S. Rev., sec. 553a, sub-sec. 40), it is enacted, "That an act to amend the revenue laws of this State, passed on the 13th of March, 1868, shall not be so construed as to compel persons to pay tax on farm wagons, or such wagons as are used promiscuously as farm wagons, and no such wagons shall be known as transfer wagons, as denominated in said law."

Once more, by the act of 1870, ch. 94 (T. & S. Rev., sec. 553a, sub-sec. 41), it is provided, "That so much of the acts passed the 13th of March, 1868, and February 19, 1869, as imposes a tax on wagons hauling corn, hay, oats, fodder, wood, ore, coal, or pig iron, be and the same is hereby repealed."

The act of 1879, ch. 97, sec. 1, is: "That sub-sec. 38 of sec. 553a, of Thompson & Steger's edition of the Code, which imposes a privilege tax on express wagons, express carts, and transfer wagons, be and the same is hereby so amended as to read: For wagons, drays, and all other vehicles drawn by one horse, one dollar; two horses, two dollars, and one dollar for each additional horse used, except for those used for farm wagons, and by the original vendor, or producer of the products of the soil or dairy, raised or produced by himself."

"Sec. 2. That sub-sec. 41 of sec. 553a of the Code be and the same is hereby so amended as to strike out of said section coal and pig iron."

Gardner *v.* Lewis.

The original act required a license for "each express wagon or cart, including wagons or carts engaged in transferring, other than those belonging to express or omnibus companies." The first section of the act of 1879 changes the rates of taxation for the license. But by the residue of the curious series of acts cited, the law is made not to apply to "farm wagons, or such wagons as are used promiscuously as farm wagons," nor to the hauling by wagons and carts of "corn, hay, oats, fodder, wood, ore," and is expressly limited to "wagons and carts regularly in the business of expressage and transfer." The result is to render it very difficult for the county court clerk to know when a farmer, by the use of his wagon, which is also used for farming purposes, may come within the purview of the license law. It seems doubtful whether he can be required to take out a license for any wagon or cart not "regularly in the business of expressage and transfer." But it seems very clear that the hauling of "wood," together with corn, hay, oats, fodder and ore, is withdrawn from the provisions of the law, and that wood may be transferred without a license.

In this view the judgment of the criminal court in favor of Gardner is correct, and must be affirmed, with costs.